IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Lisco D. Jeffcoat, | ) | |
| | ) | CA No. 4:15-3056-RMG |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Anderson City Jail; and | ) | |
| Anderson City Jail Medical Staff, | ) | |
| | ) | |
|       Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 9), recommending that Defendant's Complaint be summarily dismissed without prejudice and without issuance and service.

## I. Background

Plaintiff is a prisoner in the Anderson City Jail. He filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants Anderson City Jail and Anderson City Jail Medical Staff improperly handled issues regarding his diabetes and the administration of his insulin medication. (Dkt. No. 1). The Magistrate Judge conducted a pretrial review pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C. On August 24, 2015, the Magistrate Judge filed an R & R recommending that Plaintiff's claim against Anderson City Jail and Anderson City Jail Medical Staff should be summarily dismissed because Defendants are not "persons" within the meaning of 42 U.S.C. § 1983. (Dkt. No. 9). And on September 2, 2015, Plaintiff filed a three-page, handwritten document containing objections to the R & R, identifying six individuals involved in the incident, and requesting forms "to properly identify all individual parties responsible." (Dkt. Nos. 11 and 11-1).

1

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Pro se complaints are construed liberally to allow the development of meritorious claims. Indeed, "[t]he handwritten pro se document is to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). But the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. See Well v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir.1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate.").

## III. Discussion

To state a claim for relief under 42 U.S.C. § 1983, Plaintiff must sufficiently allege that a "person" acting "under color of state law" deprived him of "rights, privileges or immunities secured by the [United States] Constitution and laws." See 42 U.S.C. § 1983; see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). Neither Anderson City Jail nor Anderson City Jail Medical Staff qualifies as a "person" subject to suit under § 1983. See, e.g., Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (New Jersey Prison Medical Department not a person for § 1983 purposes); Allison v. California Adult Auth., 419

F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin State Prison not persons for § 1983 purposes). Accordingly, they are both improper defendants.

Although Anderson City Jail and Anderson City Medical Staff are improper defendants, Plaintiff specifies individuals who would be proper § 1983 defendants in his objections to the R & R. (Dkt. No. 11). He also requests leave of court to amend his complaint accordingly. (Dkt. No. 11-1). Because it is required to construe pro se plaintiffs' documents liberally, this Court construes Plaintiff's objections to the R & R (Dkt. Nos. 11 and 11-1) as a motion to amend the complaint.

## IV. Conclusion

For the reasons stated above, the Court GRANTS Plaintiff's motion to amend the complaint and ACCEPTS the R & R's recommendation. Accordingly, the complaint against Anderson City Jail and Anderson City Jail Medical Staff is DISMISSED without prejudice and without issuance and service of process, and the case is remanded to the Magistrate Judge for further proceedings.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard Mark Gergel
United States District Court Judge

September 16, 2015
Charleston, South Carolina

3