IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lisco D. Jeffcoat, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:15-cv-3056-RMG |
| ) | |
| Capt. Carpenter, Lt. Hamby, Sgt. Luten, Sgt. Edens, ) | |
| Dr. James Dorn, and Nurse White, ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 59), recommending that the motions for summary judgment filed by Defendants be granted (Dkt. Nos. 41, 46). For the reasons stated below, the Court adopts the R & R as the order of the Court, grants Defendants' motions to dismiss.

## I. Background

Plaintiff is a diabetic inmate who is currently housed at at the Alvin S. Glenn Detention Center. Plaintiff filed this this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights due to medical indifference based on events that occurred while he was incarcerated at Anderson City Jail. (*See* Dkt. No. 17-3 at 2 ("Not receiving proper medical attention and medication being handled improperly")).

Plaintiff asserts that that on June 8, 2015, a bottle of insulin that was specifically ordered for him a week before could not be located. (Dkt. No. 17-3 at 3). Plaintiff asserts that an officer found a months-old bottle of insulin that Plaintiff had previously used and provided that to Plaintiff instead of the recently ordered bottle of insulin. When Plaintiff took the allegedly old insulin, he began to feel dizzy and nauseated. (*Id.*)

On June 9, 2015, an officer informed Plaintiff that the recently ordered bottle of insulin had been found "in the BIOHAZARD bucket [("sharps container")] that is [used for] needles and trash." Plaintiff alleges that he was given this bottle and told to take his insulin. Plaintiff complied, and when he checked his blood sugar level, it was 351. When he checked again at 8:30 p.m. that night, his blood sugar level had risen to 451. (*Id.*).

Plaintiff was transferred to a holding cell to wait for a nurse, and when he was informed that a nurse was not coming, Plaintiff alleges that he asked to speak to Defendant Luten. After informing Defendant Luten that he felt dizzy, sick, and nauseated, Plaintiff alleges that she responded by sarcastically telling him to have a good night. Plaintiff also claims that he requested to be taken to the hospital multiple times on June 9, 2015. (*Id.*).

On June 10, 2015 at 5:30 a.m., Plaintiff's blood sugar was 198. Around 10:00 a.m., Plaintiff went to the nurse's office and his blood sugar readings were 454 and 471. When he asked again if he could be taken to the hospital, he was informed that his condition had to be worse. (*Id.* at 4).

Around 2:00 p.m., Plaintiff was taken to the hospital. His blood sugar level was 434, and he received fluids for dehydration and insulin for his high blood sugar levels.

Plaintiff alleges that while he was in the hospital, that the doctor told him that the insulin the jail provided him was "not strong enough" and that Plaintiff should be receiving the type of insulin he took prior to being incarcerated. Plaintiff alleges that when he informed the jail doctor about the hospital doctor's recommendations, he was told that the other types of insulins "were expensive and [the jail] did not want to get stuck with the medicines if [Plaintiff] were to leave the city jail." (*Id.*).

2

Plaintiff asserts that his blood sugar "still runs high to this day" and that he has not been able to speak with Defendants Carpenter, Edens, or Hamby about the incident, despite multiple requests. (*Id.*).

Defendants filed motions for summary judgment (Dkt. Nos. 41 and 46), which included affidavits by Defendants White and Dorn, medical professionals at the jail. Plaintiff filed a response in opposition to the two motions for summary judgment on June 22, 2016 (Dkt. No. 56), and on August 22, 2016, the Magistrate Judge issued an R & R recommending that the Court grant both motions for summary judgment (Dkt. No. 59). Plaintiff filed objections to the R & R on September 1, 2016. (Dkt. No. 61).

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendation to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); accord Fed. R. Civ. P. 72(b).

However, as to the portions of the R & R to which no objection is made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 71 advisory committee note). Additionally, the Court need not give any explanation for adopting the R & R in the absence of specific objections by the parties. *See*

*Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

In reviewing this complaint, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De 'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a *pro se* plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hos. V. Am. Nat'l. Red Cross*, 101, F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Caltrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving

4

party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp. Inc.*, 190 F.3d 285, 287 (4th Cir. 1999).

### III. Discussion

Plaintiff objects to the R & R's recommendation that summary judgment be granted on five grounds. When the Court liberally construes Plaintiff's *pro se* objections, only the second and fourth objections contain specific arguments or information that pertain to portions of the R & R. The Court need not address *de novo* Plaintiff's remaining objections because they simply reiterate his previous filings before the Magistrate Judge. *See Smith v. Washington Mut. Bank FA*, 308 Fed. App'x 707, 708 (4th Cir. 2009) ("The court need not conduct de novo review . . . 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'") (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982)). Accordingly, the Court will address only Plaintiff's two specific objections.

In his second objection, Plaintiff asserts that the bottle of insulin that was found in a sharps container on June 9 should have been discarded instead of being used as the source of the insulin provided to him on that date. (Dkt. No. 61 at 2–3). Plaintiff does not provide an affidavit or other evidence to support the assertion that the insulin he received on June 9 came from a bottle that was fished out of a biohazard container. (*See id.*). By contrast, Defendant White, a medical assistant at the jail, provided an affidavit stating that although Plaintiff's missing bottle of insulin was located in a sharps container, "Plaintiff had been given insulin from [the jail's] stock supply." (Dkt. No. 41-2 at 2). Moreover, Defendant White avers that "the medicine he received was the same medication [Plaintiff] had been prescribed and posed no harm to him." Because there is no genuine issue of material fact regarding whether Plaintiff was given improperly stored insulin, the Court finds Plaintiff's second objection to be without merit.

In his fourth objection, Plaintiff asserts that Defendant Dorn was improperly "identified and introduced as Dr. Dorn." (Dkt. No. 61 at 3). In his affidavit, Defendant Dorn acknowledges that he served as a contracted nurse practitioner at the jail. (Dkt. No. 46-2 at 1). However, the affidavit does not address the question of whether Defendant Dorn was ever introduced as "Dr. Dorn." Taking, as the Court must, all disputes of fact in favor of Plaintiff as the nonmoving party, the Court finds that even if Defendant Dorn was introduced as a doctor rather than a nurse, that distinction bears no weight in the Magistrate Judge's apt analysis of Plaintiff's deliberate indifference claim under § 1983. Although Plaintiff asserts that he should have received medical attention more quickly, and, perhaps from a doctor instead of a nurse, the Constitution "does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988).

## IV. Conclusion

The Court, having reviewed the complaint, Defendants' motions to dismiss, Plaintiff's response to Defendants' motions to dismiss, the R & R, and Defendant's objections, finds no clear error, and agrees with and adopts the R & R as the order of the Court. Accordingly, the Court therefore **ADOPTS** the R & R as an order of the Court and **GRANTS** Defendants' motions to dismiss. (Dkt. Nos. 41, 46).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 27, 2017
Charleston, South Carolina